UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL G. CARUSO,

                              Plaintiff,                          **ORDER**

    v.

                                                                     **04-CV-167A(F)**

SAMUEL CAMILLIERI,
VILLAGE OF KENMORE,
VILLAGE OF KENMORE POLICE DEPARTMENT,

                              Defendants.

Pursuant to the respective motion papers, opposition thereto and the hearing thereon conducted August 17, 2005 on Plaintiff's motion to compel filed July 15, 2005 (Doc. No. 44), Defendants' motions to compel filed July 14, 2005 and August 15, 2005 (Doc. No. 42 and 68) and Defendants' motions for protective orders filed July 19, 2005 and July 28, 2005 (Doc. No. 49 and 56), it was hereby ORDERED:

Defendants' motion (Doc. No. 42) is GRANTED without opposition as Plaintiff will provide medical authorization satisfactory to Defendants **within five business days**. As to Defendants' request for an alleged audiotape of a meeting on April 3, 2003, Plaintiff states that after due diligence, no tape was located. Plaintiff shall provide an affidavit of Sara Cressman, Esq. in support **within 10 days** stating same. Motion is DISMISSED as moot and without prejudice if Ms. Cressman provides a satisfactory affidavit. As to Defendants' claims for sanctions based on spoilation of the tape recording, the court reserves decision. Same ruling for Doc. No. 68.

As to Plaintiff's motion to compel (Doc. No. 44) personnel and disciplinary records, Plaintiff's request for the records of the twelve officers of the Defendant Village

Police Department is DENIED as to the First Cause of Action as irrelevant. As to Plaintiff's Second Cause of Action (disparate treatment based on alleged chain of command requirement violations), the requested review of records of all officers of the Defendant Village for the five year period prior to the filing of the Complaint is GRANTED, in part and DENIED, in part. Defendants' counsel, Michael Perley, Esq., will review each file for each officer who was a member five years prior to the commencement of the lawsuit for relevant documents. Mr. Perley shall determine which file contains alleged chain of command violations which shall be forwarded to the court for an *in camera* inspection **within 10 days**. The court will review the files and arrange to have the relevant documents in the files forwarded to Plaintiff. Plaintiff will be obliged to limit such access and use of information for the purposes of this litigation, including Plaintiff's attorneys, legal staff and experts. No copies shall be made nor distributed without court approval. Plaintiff shall return all copies, if any, to Defendant promptly upon completion of this litigation. Plaintiff's request as to his Third Cause of Action (hostile work environment) and the Fourth Cause of Action (NYS executive law violation) are DENIED. Plaintiff's requests as to his Fifth Cause of Action (retaliation/worker's comp claim) is GRANTED, in part, and DENIED, in part. Court directs that all officer files containing worker's comp claims during the five year period prior to filing the Complaint be forwarded to the court **within 10 days**. Plaintiff's request as to his Sixth Cause of Action (hostile work environment) is DENIED. As to the Qualey and Rule files regarding what training they received in the Rapid Deployment Training Program and their qualifications to administer such training will be provided **within 10 days** without opposition. As to the requested depositions of Chief

Camilleri, and officers Jasinski, Qualey, Rule, Arnet, Lacourte, Plaintiff's motion is GRANTED.  Such depositions have been scheduled and shall be completed **not later than October 14, 2005**.  **No adjournments of the scheduled depositions shall be permitted without prior approval of the court.**  The use of the depositions shall be limited to this litigation only as noted *supra*.

Defendants' motions for protective orders (Doc. Nos. 49 and 56) are DISMISSED as moot based on the prior rulings of the court on the instant motions.

The outstanding motion to quash filed by deposition witness Robert Doren, and Defendants' request for sanctions based on spoilation is scheduled for further hearing and oral argument on **October 19, 2005 at 2:00 p.m.**  Counsel for all parties shall appear.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
  LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 19, 2005
       Buffalo, New York