UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL G. CARUSO,

                         Plaintiff,

v.                                         DECISION AND ORDER
                                                  04-CV-167A

SAMUEL A. CAMILLERI, et al.,

                         Defendants.

---

## INTRODUCTION

Plaintiff Michael G. Caruso, a Village of Kenmore, New York police officer, commenced this employment discrimination action on March 15, 2004, alleging that the defendants, Police Chief Samuel A. Camilleri ("Camilleri"), the Village of Kenmore ("the Village") and the Village of Kenmore Police Department ("the Department"), discriminated against him based on his alleged disability, morbid obesity, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*, ("the ADA"), and New York Human Rights Law, N.Y. Exec. Law § 296, *et. seq.* ("the NYHRL"). More specifically, plaintiff alleges that defendants placed him on a forced, unpaid leave of absence for failure to complete a training exercise, denied his request for a light-duty accommodation instead of unpaid leave, condoned a hostile work environment against him, and retaliated against him for filing an employment discrimination charge with the New York State Division of Human Rights.

The case was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1), on May 6, 2004.  On February 16, 2006, defendants filed a motion for summary judgment.  On August 16, 2007, Magistrate Judge Foschio filed a Report and Recommendation, recommending that: (1) defendants' motion for summary judgment be granted as to plaintiff's claims of disability discrimination and hostile work environment under the ADA; (2) the motion be granted in part and denied in part as to plaintiff's ADA retaliation claim; (3) the motion be granted as to plaintiff's claims of disability discrimination and hostile work environment under the NYHRL; and (4) the motion be granted in part and denied in part as to plaintiff's NYHRL claim of retaliation.   In the alternative, Magistrate Judge Foschio recommended that if the Court were to grant defendants summary judgment on all of plaintiff's ADA claims (including the retaliation claim), then the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

Both plaintiff and defendants filed objections to the Report and Recommendation on September 13, 2007.  Oral argument on the objections was held on December 5, 2007.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the Magistrate Judge's recommendation that

plaintiff's ADA claims of disability discrimination and hostile work environment be dismissed.  The Court further finds, for the reasons stated herein and in Magistrate Judge Foschio's Report and Recommendation, that all of plaintiff's ADA retaliation claims must also be dismissed.  Finally, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

## **DISCUSSION**[1]

**1.**    ***ADA Retaliation Claim***

The ADA prohibits retaliation by an employer against its employees in relation to a disability discrimination claim by specifically providing that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."  42 U.S.C. § 12203(a).  The Second Circuit has held that a non-disabled individual who files a complaint of disability discrimination is engaging in activity protected under the ADA "so long as he can establish that he possessed a 'good faith, reasonable belief that the underlying challenged actions of the employer violated the law.'"  *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999) (quoting *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998)); *see also Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (same).

---

[1]    The Court assumes familiarity with the facts as stated by Magistrate Judge Foschio in his Report and Recommendation.

Claims for retaliation under the ADA are analyzed under the same burden-shifting framework established for Title VII cases. *See Treglia*, 313 F.3d at 719 (citations omitted). In order to establish a prima facie case of retaliation, the plaintiff must show that: (1) he engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took adverse employment action against him; and (4) a causal connection exists between the alleged adverse action and the protected activity. *Id*. (citations omitted). Once a plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for the challenged employment decision. *Id*. at 721  If a defendant meets this burden, "the plaintiff must point to evidence that would be sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation." *Id*. (Internal quotations and citations omitted).

Here, plaintiff claims that defendants retaliated against him by: (1) questioning him about an alleged investigation of him conducted by Child Protection Services ("CPS"); (2) questioning him about his possible unapproved outside employment as a cab driver; and (3) withholding workers compensation benefits in violation of New York General Municipal Law Section 207(c).[2]  The Court finds, however, that even if it assumed that plaintiff can establish a prima facie case of retaliation regarding each of these claims, the claims must be dismissed, because defendants have offered legitimate, non-retaliatory reasons for each of the alleged

---

[2] Plaintiff alleged a fourth act of retaliation concerning disciplinary action taken against him for an improper communication he had with the Village Clerk regarding his vacation benefits. However, Magistrate Judge Foschio recommended dismissal of that claim and plaintiff has not objected to that recommendation.

retaliatory acts and plaintiff has failed to present evidence sufficient for a rational factfinder to conclude that defendants' proffered reasons were merely a pretext for retaliation.

A.   *Questioning regarding CPS Investigation*

The record shows that plaintiff was the subject of an investigation by CPS while he was on a leave of absence.  On December 3, 2002, Assistant Chief Carl LaCorte received a telephone call from CPS investigator Christine Michalski regarding an ongoing investigation involving plaintiff and his wife.  LaCorte notified defendant Camilleri of the call and the fact that plaintiff had never reported that he was the subject of an outside investigation as required by Department regulations.   The relevant regulation states:

> Officers becoming aware that they are under investigation for any violation of the law, by any law enforcement agency or other public agency, shall immediately notify the chief of police of the facts and circumstances of the investigation. They must also submit to the chief of police, a written report concerning the matter.

Because plaintiff had never reported the CPS investigation, Chief Camilleri asked him on April 3, 2003, whether he knew that an outside investigation had been commenced.  Chief Camilleri asked this question in order to give plaintiff an opportunity to provide the required notification.  He explained to plaintiff that the purpose of his question was to learn if plaintiff knew of the investigation, because if he did, he was required to report it.  Plaintiff was not disciplined in connection with the CPS investigation, and the record shows that he was advised in writing that the matter was not being pursued.

Thus, defendants have offered a legitimate, non-retaliatory reason for asking plaintiff about the CPS investigation. Plaintiff has failed to present any evidence that the reason offered by the defendants was merely pretextual and that unlawful retaliation was the real reason. Thus, defendants are entitled to summary judgment on this claim.

B.     *Questioning regarding Outside Employment*

Plaintiff also claims he was subject to unlawful retaliation when defendant Camilleri asked him whether he had engaged in outside employment during an April 23, 2003 meeting. Again, the record shows that Chief Camilleri acted appropriately under the circumstances.

The record shows that Chief Camilleri had received information that the defendant was engaged in unauthorized outside employment with Liberty Cab Company. It is undisputed that the Department has a written policy requiring officers to obtain permission before engaging in outside employment. It is also undisputed that Chief Camilleri never accused plaintiff of engaging in outside employment nor disciplined him for doing so.

Thus, defendants have offered a legitimate, non-retaliatory reason for asking plaintiff about possible unauthorized outside employment. Plaintiff has failed to present any evidence that the reason offered by the defendants was merely pretextual and that unlawful retaliation was the real reason. Thus, defendants are entitled to summary judgment on this claim.

**C.**     *Delayed Payment of Section 207-c Benefits*

Plaintiff's final retaliation claim is that defendants withheld a total of $2,600 from his salary between a December 3, 2003 work-related injury and a January 30, 1994 determination by the New York Workers' Compensation Board. However, the record shows that a third-party insurance carrier, not defendants, was responsible for withholding workers' compensation benefits following plaintiff's December 3, 3003 injury. There is no evidence to suggest that defendants caused this to happen. In fact, the Village continued to pay its portion of plaintiff's benefits while he was on leave. Plaintiff received the remainder from the insurance carrier after a six to eight week delay pursuant to an award by the New York State Workers' Compensation Board. Again, plaintiff has failed to present sufficient evidence from which a factfinder could find that defendants were retaliating against plaintiff for filing his discrimination complaint.

**2.**     *Supplemental Jurisdiction*

Finally, because the Court has dismissed all of plaintiff's federal ADA claims, it declines to exercise supplemental jurisdiction over plaintiff's state law NYHRL claims. 28 U.S.C. § 1367(c)(3); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001).[3]

---

[3] The Court notes that in their objections, defendants ask the Court **not** to decline supplemental jurisdiction. However, defendants took the opposite position before the Magistrate Judge. See Docket No. 108 at 49-50.

7

**CONCLUSION**

For the reasons stated herein and in Magistrate Judge Foschio's Report and Recommendation, the Court grants defendants' motion for summary judgment on all of plaintiff's claims under the ADA (including the retaliation claims) and declines to exercise jurisdiction over plaintiff's state law NYHRL claims. The Clerk of Court shall take all steps necessary to close the case.

SO ORDERED.

s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: January 15, 2008